| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Susan Fairchild<br>Officer: Meghan E. Howe | Telephone: (313) 226-9577<br>Telephone: (313) 393-3793 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.

Gustavo Adolfo QUEVEDO HERNANDEZ

Case: 2:25−mj−30565
Assigned To : Unassigned
Assign. Date : 9/8/2025
Description: CMP USA v Quevedo Hernandez (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 6, 2025** in the county of **Wayne** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Meghan E. Howe, Officer, U.S. CBP
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: **September 8, 2025**

City and state: Detroit, MI

*Judge's signature*

Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

I, Meghan E. Howe, being duly deposed and sworn states:

1. I am an Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over sixteen years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the reentry of removed aliens, and I have received training in this area.

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Gustavo Adolfo QUEVEDO HERNANDEZ, is a 46-year-old male native and citizen of Guatemala, who last entered the United States at or near an unknown place, on or about an unknown date, without being inspected and then admitted or paroled into the United States by an immigration officer.

4. In the evening on September 6, 2025, QUEVEDO HERNANDEZ was encountered by CBP at the Detroit-Windsor Tunnel in Detroit, Michigan when he was observed to have stopped the car he was driving in the outbound traffic lanes toward Canada. CBP Officers responded to the stopped vehicle and noticed he was on the phone. CBP Officers directed him to lower his window, but he did not respond. CBP Officers knocked on the window and he did not respond. CBP Officers opened the driver's door and asked him to identify his citizenship. He did not make an oral declaration of citizenship. He opened his wallet and produced a Guatemalan national identification card. CBP Officers escorted him to secondary inspection because he did not make a verbal declaration of his citizenship or status in the United States and had no proof of citizenship or valid immigration documents.

5. In the secondary inspection area, QUEVEDO HERNANDEZ's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN)

1

and FBI number, which correspond to the prior arrest and immigration actions below.

6. I queried QUEVEDO HERNANDEZ through immigration databases and found that on or about April 29, 2015, QUEVEDO HERNANDEZ was arrested by United States Border Patrol Agents at or near Roma, Texas and was found to be present in the United States without having been inspected and then admitted or paroled by an immigration officer. He was served with an Expedited Removal after admitting under oath he entered the United States illegally by using a raft to cross the Rio Grande River earlier the same day.

7. On or about May 5, 2015, QUEVEDO HERNANDEZ was removed from the United States to Guatemala via Harlingen, Texas.

8. I queried QUEVEDO HERNANDEZ through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS). These databases are maintained by DHS and contain information relating to applications for immigration benefits and/or relief. Review of the records for QUEVEDO HERNANDEZ and queries in DHS databases confirm that no record exists of him obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States after his removal on May 5, 2015.

9. I queried QUEVEDO HERNANDEZ through the Consular Consolidated Database (CCD), a database maintained by the Department of State, which contains passport and visa applications and records. I found no record of QUEVEDO HERNANDEZ ever having applied for or receiving a United States visa of any kind or classification.

10. I queried QUEVEDO HERNANDEZ through TECS, a United States government database that contains information about all persons who arrive in the United States at designated ports of entry and apply for admission. I found no record of QUEVEDO HERNANDEZ ever lawfully arriving or being inspected, admitted, or paroled into the United States by a United States border official.

11. QUEVEDO HERNANDEZ was arrested and detained by CBP on September 6, 2025, for administrative processing of reinstatement of his prior removal order.

12. On September 6, 2025, a CBP Enforcement Officer advised QUEVEDO HERNANDEZ of his Miranda rights verbally and in writing with the assistance of another CBP Officer translating in Spanish. QUEVEDO HERNANDEZ acknowledged his rights and declined to make a statement or answer questions.

13. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

14. The aforementioned arrest was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

15. Based on the foregoing, there is probable cause to believe that, on or about September 6, 2025, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Gustavo Adolfo QUEVEDO HERNANDEZ, an alien from Guatemala, was found in the United States after having been denied admission, excluded, deported, or removed therefrom on or about May 5, 2015 at or near Harlingen, Texas and not having obtained express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
*Complainant's signature*

Meghan E. Howe, Officer, U.S. CBP
*Printed name and title*

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____

Honorable Anthony P. Patti
United States Magistrate Judge
    September 8, 2025

4